IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

RUSHMORE LOAN MGMT. SERVS. V. STRONG

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

RUSHMORE LOAN MANAGEMENT SERVICES, L.L.C., APPELLEE,

v.

MIKE K. STRONG, APPELLANT, AND MAUREENA J. STRONG, APPELLEE.

Filed June 17, 2025.    No. A-24-877.

Appeal from the District Court for Sarpy County: MICHAEL A. SMITH, Judge. Affirmed.

Mike K. Strong, pro se.

Liliana E. Shannon, of SouthLaw, P.C., for appellee Rushmore Loan Management Services, L.L.C.

RIEDMANN, Chief Judge, and MOORE and ARTERBURN, Judges.

ARTERBURN, Judge.

### INTRODUCTION

Mike K. Strong, acting as a self-represented litigant, appeals from the district court's order confirming a sheriff's sale of real property located in Sarpy County, Nebraska, which had been owned by Mike and his wife, Maureena J. Strong. The court ordered the sale to satisfy a judgment lien against the property held by Rushmore Loan Management Services, L.L.C. (Rushmore Loan), after foreclosure proceedings. Upon our review, we affirm the decision of the district court to confirm the sale of the property.

### BACKGROUND

We have been presented with a very limited record in this appeal. The transcript and the bill of exceptions include filings and transcriptions of hearings dated between August 2023 and November 2024. However, in Rushmore Loan's brief, this appeal is described as the culmination

- 1 -

of a long-standing dispute regarding Mike and Maureena's failure to make mortgage payments on their residence which has resulted in years of litigation and cases being filed in the district court for Sarpy County, in the federal district court, and in bankruptcy court.

The first filing in the transcript requested by Mike is an amended order of sale dated August 18, 2023. In this order, the district court indicates that a judgment was entered against Mike and Maureena and in favor of Rushmore Loan in the amount of $960,103.72. Notably, a copy of such judgment is not included in our record. In the order of sale, the district court notes that pursuant to the language of the judgment, an order of sale could be issued within 20 days after entry of the judgment if no payments had been made by Mike and Maureena. Because the court found that no payments had been made between the entry of the judgment on July 12, 2023, and August 18, 2023, it ordered the real property to be sold.

Over a year after the court entered its amended order of sale, on September 4, 2024, Mike and Maureena filed an emergency motion to vacate the order of sale entered by the district court on August 18, 2023. In the motion, they argued that a sale of their real property was scheduled for September 23, 2024, but that such sale should not occur because (1) Rushmore Loan lacked standing to execute the sale; (2) the judgment entered against them in July 2023 was void; (3) Rushmore Loan had committed fraud on the court by being deceptive about the statute of limitations; and (4) their mortgage loan had been invalidly assigned and such assignment was void. As to their argument regarding the invalid assignment of their loan, Mike and Maureena attached to their motion a document dated September 12, 2023, which notified them that the servicing of their mortgage loan had been transferred from Rushmore Loan to a new entity referred to as "Rushmore Servicing."

After a hearing on the emergency motion, the court denied Mike and Maureena's request to vacate the amended order of sale. The court found that the issues raised in the emergency motion should have been raised in a valid and timely appeal of the July 2023 judgment.

The sale of the real property apparently occurred on September 23, 2024, as scheduled. After the sale, Rushmore Loan filed a motion to confirm the sale, which is not included in our record. Mike and Maureena then filed a response to the motion to confirm the sale, which is included in our record. Therein, they argued that confirmation of the sale would be premature, given that the "180 day-redemption period has not expired." This argument was based on the language of Neb. Rev. Stat. § 25-1532 (Reissue 2016). They also argued that "The assignment of foreclosure decree/judgment is invalid or void, rendering the Sheriff's sale defective." After a hearing, the district court entered an order to confirm the sheriff's sale.

Mike and Maureena purport to appeal from the district court's order to confirm the sheriff's sale. However, only Mike's signature appears on the notice of appeal. Moreover, while Mike signed and filed a pro se brief, Maureena failed to file any appellate brief in her name. To the extent Mike's notice of appeal and brief are meant to serve both himself and Maureena, we conclude that as a self-represented litigant, Mike cannot represent Maureena. Individuals can represent themselves in legal proceedings in their own behalf, but one who is not an attorney cannot represent others. See *Clemens v. Emme*, 316 Neb. 777, 7 N.W.3d 166 (2024). As such, we find that this appeal has been brought in Mike's name only.

ASSIGNMENTS OF ERROR

In the assignments of error section of Mike's brief, he lists nine ways in which he believes the district court "committed reversible error." Brief for appellant at 5-6. However, upon our review, we conclude that only two of his assignments of error are properly assigned and argued. Mike assigns and argues that the district court erred in (1) confirming the sale even though the property description utilized in the advertisement of the sheriff's sale was "fatally flawed" and (2) denying him the opportunity to redeem the property after the sheriff's sale.

Mike's remaining seven assignments of error are either insufficiently assigned, insufficiently argued, or both. An alleged error must be both specifically assigned and specifically argued in an appellate brief in order to be considered by an appellate court. *State v. Abdullah*, 289 Neb. 123, 853 N.W.2d 858 (2014). Mike's additional assertions of error include the following: "Lack of Standing and Unauthorized Action," "Invalid or Void Assignment," "Statute of Limitations," "The Appellate Court Must Exercise its Power to Correct the Error," "Judicial Review Failure," "Bias or Prejudice," and "Manifest Injustice." These assertions are vague and do not provide any specific information about how the district court erred below. A generalized and vague assignment of error that does not advise an appellate court of the issue submitted for decision will not be considered. *Trieweiler v. Sears*, 268 Neb. 952, 689 N.W.2d 807 (2004). Moreover, many of these assignments of error are accompanied by an argument that does little more than restate the claimed error, without any citations to the record or inclusion of any supporting statutory or case law. An argument that does little more than restate an assignment of error does not support the assignment, and an appellate court will not address it. *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022).

STANDARD OF REVIEW

We review a court's order confirming an execution sale or a judicial sale for abuse of discretion. See *Fox v. Whitbeck*, 286 Neb. 134, 835 N.W.2d 638 (2013). A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Id*. But we independently review questions of law decided by a lower court. *Id*. Statutory interpretation presents a question of law. *Id*.

ANALYSIS

*Invalid Property Description.*

Mike assigns and argues that the district court erred in confirming the sale of the real property even though the "property description used in the Advertisement of Sheriff's sale and confirmation of sale . . . is fatally flawed, rendering the sale and confirmation invalid." Brief for appellant at 7. Notably, as a part of his argument to this court, Mike fails to explain exactly how the property description is incorrect or what is missing from that description. Our record does not provide any clarity on this issue. In fact, at the hearing on Rushmore Loan's motion to confirm the sale, Mike's argument on this topic is as follows: "Property description error. The judgment and sale contained unrecorded, incorrect property descriptions rendering them void." Mike did not offer any evidence at the hearing to demonstrate how the property description was incorrect. He

also does not cite to any statutory or case law in his brief to support his generalized assertion that any error in the property description would result in an invalid sale that should not be confirmed by the district court.

Ultimately, we conclude that Mike has failed to adequately demonstrate whether the property description was incorrect, and if it was incorrect, how that error affected the validity of the sheriff's sale. Mike's conclusory statements in his brief and to the district court that the property description was "flawed" are simply not enough to demonstrate any error in the property description or in the district court's decision to confirm the sale of the property.

*Right to Redeem Property.*

In his brief on appeal, Mike also asserts that the district court erred in confirming the sale of the property even though he had "90 days after the September 23, 2024 sale to redeem the property." Brief for appellant at 10. In support of his assertion, Mike cites to Neb. Rev. Stat. § 76-1013 (Reissue 2018). In the district court, Mike made similar contentions that Neb. Rev. Stat. §§ 25-1530 and 25-1532 (Reissue 2016) provided him with a 180-day redemption period before a sale could be confirmed. Contrary to Mike's assertions both in the district court and in his brief to this court, none of these statutes provide a specific redemption period before a sale can be confirmed by the district court.

Section 76-1013 simply does not apply to judicial foreclosure actions such as this case. That statute provides creditors with a mechanism to recover a deficiency judgment for amounts remaining due and owing following a trustee's sale. The present action involves a judicial foreclosure. Sections 25-1530 and 25-1532 do apply to judicial foreclosure actions. Section 25-1530 addresses redemption by the judgment debtor, indicating that such debtor can redeem the property at any time before a sale of the property has been judicially confirmed by paying into the court the amount of the judgment in addition to interest and costs. However, no specific time period for redemption is provided in § 25-1530, and such statutory section does not prohibit the district court from confirming the sale at any point in time. Section 25-1532 concerns the sheriff's duties in selling the "land and tenements" which is subject to foreclosure and providing a "good and sufficient" deed of conveyance to the purchaser. There is no time period for redemption described therein. Mike's reliance on all of these statutory sections is misplaced and his argument has no merit.

*Citations in Mike's Brief to This Court.*

Our review of Mike's brief to this court reveals that many of his case citations are incorrect, in that certain case names referenced do not appear to exist, certain case citations correspond to different case names than those provided by Mike, and certain cases and citations do not include the propositions of law that Mike represents they stand for. While we would be willing to overlook one or two citation problems as mere mistakes or typographical errors, the occurrences of these problems in Mike's brief are numerous. We mention these errors only to provide a reminder that self-represented litigants will receive the same consideration as if he or she had been represented by an attorney, and, concurrently, that litigant is held to the same standards as one who is represented by counsel. See *Friedman v. Friedman*, 290 Neb. 973, 863 N.W.2d 153 (2015). As

such, self-represented litigants can be subject to sanctions for providing false information to the court.

## CONCLUSION

Having found no error in the district court's order confirming the sale of real estate owned by Mike and Maureena, we affirm the order in all respects.

AFFIRMED.